COHEN v. EAGLE PENCIL CO. et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

1. PLEADING ☞317—JOINT TORT-FEASORS—BILL OF PARTICULARS—CHARACTER OF OFFICERS' ACTS.

In an action for malicious prosecution, against a corporation and its treasurer as joint tort-feasors, for receiving stolen goods, where the acts were distinctly pointed out, the plaintiff could not be made, by bill of particulars, to differentiate the acts done by the treasurer as an individual from those committed in his official capacity.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. ☞317.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. PLEADING ◈⟶317—ALLEGATION OF GENERAL DAMAGE—BILL OF PARTICU-
LARS.

    In an action for malicious prosecution of plaintiff for receiving stolen goods, general allegations of damage, in that plaintiff had been injured in his credit among merchants and friends, could not be required to be rendered more specific as to the names of such merchants by bill of particulars.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. ◈⟶317.]

Appeal from Special Term, Kings County.

Action by Max Cohen against the Eagle Pencil Company, Philip Berolzheimer, and others. From an order refusing a further bill of particulars, the named defendants appeal. Affirmed.

See, also, 150 N. Y. Supp. 1081.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Nathan Ballin, of New York City (Warren W. Foster and Jacob Newman, both of New York City, on the brief), for appellants.

Samuel Chugerman, of New York City, for respondent.

PER CURIAM. [1] According to the present bill of particulars, defendants' charge against plaintiff of receiving stolen goods, and the prosecution therefor, was by the Eagle Pencil Company, through its treasurer, so as to involve both principal and agent, who are joined as tort-feasors. Where the acts are distinctly pointed out, plaintiff should not be made to attempt what is hardly possible, namely, to differentiate those which he did as an individual from acts committed as an officer of the corporation.

[2] Had the plaintiff pleaded that, in consequence of his arrest and prosecution, he had lost certain customers, he might have to give the names thereof. But the averment that plaintiff "was greatly injured in his good name and credit among merchants in the city of New York and elsewhere, and also among his friends and acquaintances," is an allegation of general damage. Evans v. Metropolitan Street R. Co., 47 App. Div. 511, 513, 62 N. Y. Supp. 495. It does not say that any one has refused to trade with plaintiff, or has declined to extend him credit in any transaction. Particulars of such general damage are not required.

The order denying motion for a further bill of particulars is therefore affirmed, with $10 costs and disbursements.

◈⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes